State vs. Ventura and Dippolita

No. 12,075.

STATE OF LOUISIANA VS. GIOVANNI VENTURA AND GIUSEPPE DIPPOLITA.

Motion for an appeal must be filed in due time and an order of appeal entered by the court.

APPEAL from the Seventeenth Judicial District Court for the Parish of St. Mary. *Allen, J.*

*M. J. Cunningham,* Attorney General, and *Pierre A. Simmons, Jr.,* of Counsel, for State, Appellee.

Submitted on briefs for the State February 29, 1896.
Opinion handed down March 9, 1896.

The opinion of the court was delivered by

BREAUX, J. The defendants were indicted for murder. After trial they were found guilty without capital punishment, and were sentenced to the penitentiary for life.

In this court the Attorney General, representing the State, moves to dismiss the appeal on two grounds:

1. The record does not show that an appeal from the verdict and sentence was either obtained or denied.

2. There is no bill of exception in the record, taken to the ruling of the trial judge.

The defendants are not represented by counsel before this court.

The want of an order of appeal, when none has been applied for, is fatal to the appeal.

Further, errors in rulings in criminal trials are available on appeal by exceptions duly taken.

It becomes a question of fact as to whether the record contains an order of appeal, or whether there is any evidence showing that

application was made for such an order, and in the second place whether a bill of exception was taken during the trial and is of record before this court.

We have read the transcript from cover to cover, for an application for an appeal or evidence of an order of appeal. In view of the gravity of the case, although there is no order of appeal of record, we none the less examined the transcript and found no ground which would justify the reversal of the verdict and sentence of the court on appeal.

### AS TO EXCEPTION.

A bill of exception was reserved to the court's ruling on a motion for a continuance, on the ground that no copy of the indictment had been served on the accused. Although the motion was denied by the court, the case was postponed and other copies of the indictment were served on the accused.

At the second calling of the case for trial the accused, through counsel, declared that they were ready for trial without objection in regard to service of the indictment.

There is a note in the minutes of another bill reserved, but there is no evidence of grounds upon which it was reserved, or of any statement to stand in lieu of a bill. The entry is only: " Bill reserved," without reference to any fact or law.

The appeal is therefore dismissed.